[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 31, 1998, the plaintiff was granted a Motion for Default for Failure to Plead. On August 28, 1998 the plaintiff filed a Certificate to Close the Pleadings and a Claim for a Hearing in Damages. On September 2, 1998 the defendants filed CT Page 13352 an Answer and Counterclaim. On October 6, 1998 the plaintiff filed a Motion to Strike the Answer and Counterclaim as legally insufficient because the defendants had not moved to set aside the default. The defendants subsequently filed a Motion to Open the Default, which has yet to be acted upon by this court.
Ironically, the cases cited in the plaintiff's Memorandum in Support of its Motion to Strike support the legal proposition that this court may not entertain a Motion to Strike when a default has not been opened. See Kapral v. King Conn.Enterprises, Inc. CV 95-0320144S (January 9, 1996, Maiocco, J.) (A Motion to Strike cannot be entertained when a motion for default has been granted against the defendant and the defendant has not moved to open the default. Citing Swimming Pools v.Aniscovich Waterbury Superior Court, CV 114383, October 19, 1993 (Sylvester, J.)); Irving v. Cummings 1993 WL 47805
(Conn.Super.Ct. 1993) (Court is precluded from ruling on the Motion to Strike if defaulted party has not moved to open default.); and NeimanMarcus Group v. Meehan 1991 WL 194298 (Conn.Super.Ct., 1991).
In light of these cases and the fact that a pending Motion to Open the Default, which will be dispositive of the issues raised in this Motion, is pending, this Motion is denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT